IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| **WILLIAM D. HAMBY, JR.** | ) | |
| | ) | |
| v. | ) | **NO: 1:24-cv-00101** |
| | ) | **Campbell/Holmes** |
| **DAMON HININGER *et al*.** | ) | |

TO:    Honorable William L. Campbell, Jr., Chief District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

This *pro se,* prisoner civil right action has been referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum Opinion and Order entered May 27, 2025 (Docket Entry No. 9). Presently pending before the Court are two motions (Docket Entry Nos. 34 and 35) filed by Plaintiff that seek some form of preliminary injunctive relief from the Court. For the reasons set out below, the undersigned recommends that the motions be denied.

## I.  BACKGROUND

On November 22, 2024, William D. Hamby, Jr. ("Plaintiff"), a state prisoner currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed this *pro se* and *in forma* pauperis lawsuit. *See* Complaint (Docket Entry No. 1). Plaintiff seeks relief under 42 U.S.C. § 1983 based on allegations that his constitution rights were violated in 2024 at the SCCF when prison staff ignored serious risks to his safety and failed to protect him from physical attacks by other inmates. *Id*. Upon the Court's initial screening of the complaint pursuant to 28 U.S.C §§ 1915(e)(2) and 1915A, the Court permitted the lawsuit to proceed against six defendants - Grady Perry, Helen Moon, Joshua Carroll, Bethanie White, Jonathan Franks, and Theodore Williams - in their individual capacities based upon Plaintiff's Eighth Amendment claims. *Id*. at

6-9. The Court dismissed all other defendants and claims. *Id*. at 9. Defendants have filed answers, *see* Docket Entry Nos. 17 and 20, and a scheduling order has been entered in the case. *See* Docket Entry No. 22.

## II. PLAINTIFF'S MOTIONS

Plaintiff has filed a motion for preliminary injunction (Docket Entry No. 34) and motion to "cease and dissist (sic)." (Docket Entry No. 35). In both motions, he complains that prison officials and SCCF Warden Grady Perry have stolen, confiscated, or taken his property, legal documents, and "federal papers," including paperwork associated with this case and that prison officials have placed him in danger by moving him to the main prison compound. He requests a court order that: (1) requires his property and federal documents to be returned to him and prohibits prison officials from confiscating his legal work; (2) requires that he be given legal phone calls; (3) prevents him from being housed in the same area as the inmates who attacked him in 2024; and, (4) requires all Mexican drug gang members be placed in segregation. *Id*.

Defendants have filed responses in opposition to the motions, asserting that Plaintiff has not supported his motions or satisfied the requirements for obtaining preliminary injunctive relief. *See* Responses (Docket Entry Nos. 37 and 39). Also before the Corut is Plaintiffs' reply, in which he sets out a rebuttal to Defendants' response. *See* Docket Entry No. 40.

## III. ANALYSIS

Federal Rule of Civil Procedure 65 governs requests for temporary restraining orders and preliminary injunctions. A preliminary injunction is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits. *See Clemons v. Board of Educ. of Hillsboro*, Ohio, 228 F.2d 853, 856 (6th Cir. 1956). Its purpose is not to remedy an alleged wrong

2

or to provide preemptive relief to a party but to "preserve the relative positions of the parties until a trial on the merits can be held," *EOG Resources, Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 883 (6th Cir. 2025) (citing *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345-46), and is considered extraordinary relief. *See Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). A request for such relief should be granted only if the movant carries a heavy burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In determining whether to grant a preliminary injunction, the Court must consider whether the movant has established: (1) a "strong" likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that the balance of the equities favors the movant because the issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Whether to grant a preliminary injunction is within the discretion of the district court. *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

The Court should exercise its discretion and deny Plaintiff's motions. As an initial matter, the motions should be denied for the threshold reason that they are not supported by an affidavit, declaration, or any other type of actual evidence. The issuance of a preliminary injunction is an extraordinary remedy that must be supported by some level of proof. Indeed, the proof required for a party to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary*, 228 F.3d at 739. Thus, a party seeking a preliminary
3

injunction must present "more than 'scant evidence' to substantiate [its] allegations." *Patel v. AR Grp. Tennessee, LLC*, 2020 WL 5849346, at *4 (M.D. Tenn. Oct. 1, 2020) (quoting *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 417 (6th Cir. 2014)). An unsupported motion, such as Plaintiff's two motions, must be denied.

Even if the motions were properly supported, the motions should nonetheless be denied. Plaintiff essentially requests that the Court actively intervene on his behalf by overseeing aspects of his incarceration and by providing him with affirmative relief prior to any resolution of his claims. The Court finds no basis supporting such extraordinary relief. This action was only recently filed, and Plaintiff's likelihood of success on the merits is no greater than that of Defendants at this point. Plaintiff has also not made a persuasive showing that he will suffer irreparable harm if the requested injunctive relief is not granted.[1] The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). There is a "public interest in leaving the administration of state prisons to state prison administrators." *Rhinehart v. Scutt*, 509 F.App'x 510, 516 (6th Cir. 2013). Absent extraordinary and urgently compelling reasons, which have not been shown by Plaintiff, the Court should not intervene in the day-to-day operations in a correctional facility. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988) (setting forth

---

[1] The Court is, however, concerned by Plaintiff's assertion that legal papers, including copies of orders entered by the Court in this case, have been confiscated from Plaintiff. Although the Court finds that Plaintiff's assertions do not support the entry of any type of preliminary injunctive relief, the Court has addressed this matter in a separately entered order.

various public policy concerns relating to court intrusion into prison administrative matters and holding that a federal court should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"); *Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984) (noting that federal restraint into intrusion of a state penal institution is counseled); *Griffin v. Berghuis*, 563 F.App'x 411, 417-18 (6th Cir. 2014) (citing *Turner v. Safley*, 482 U.S. 78, 82 (1987)) (decisions concerning the administration of prisons are vested in prison officials in the absence of a constitutional violation, and any interference by the federal courts in that activity is necessarily disruptive).

## RECOMMENDATION

Based on the foregoing, the Court respectfully **RECOMMENDS** that Plaintiff's motions for preliminary injunctive relief (Docket Entry Nos. 34 and 35) be **DENIED**.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

**Signed By:**
*J. Gregory Wehrman*
**United States Magistrate Judge**